CC Los Angeles Superior Court, West District, Case Number SC 098695, order, docket and remand letter

**SEND**
**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7133 PA (MANx) | Date | November 12, 2008 |
|---|---|---|---|
| Title | Cade Alvarez v. Prada USA Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Prada USA Corp.("Defendant"). Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

    Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants.  See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

    Here, Defendant alleges in its Notice of Removal that "Defendant is informed and believes that Plaintiff was, at the time of filing the complaint, and still is both a resident and a citizen of the State of Calfiornia" and that it "is informed and believes the other named Defendant Suria Molamusa, is a resident of the State of New Jersey."  Notice of Removal, p. 3, ll. 6-7.  The Complaint and First

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08–7133 PA (MANx) | Date | November 12, 2008 |
|---|---|---|---|
| Title | Cade Alvarez v. Prada USA Inc., et al. | | |

Amended Complaint, however, do not allege plaintiff's citizenship or domicile.  Instead, the Complaint merely states that "[a]t all times relevant herein, Plaintiff . . . was and is a resident of the County of Los Angeles[,] State of California."  Complaint, ¶ 1.  The Complaint and First Amended Complaint do not allege the citizenship of defendant Suria Molamusa.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (2005).  Because the Complaint and First Amended Complaint merely allege plaintiff's residence, and the Notice of Removal merely alleges Suria Molamusa's residence, Defendant's allegations concerning the citizenship of plaintiff and the residence of Suria Molamusa's are insufficient to invoke this Court's diversity jurisdiction.

Because neither the "four corners" of the complaint nor the Notice of Removal contain sufficient allegations concerning the citizenship of plaintiff or Suria Molamusa, Defendant has not met its burden to establish this Court's jurisdiction.  See Harris, 425 F.3d at 694.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case Number SC 098695, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.